## BROWN v. NEIDHOLD.[1]

NOVATION—EVIDENCE.

A mortgagor of chattels, having effected a sale of the mortgaged property for an amount exceeding his debt to the mortgagee, executed a bill of sale to the latter, upon an understanding that the purchaser should pay the mortgagee for the property in installments, and should become the absolute owner upon full payment of the purchase price. A creditor of the mortgagor brought an action against the mortgagee, contending that, by an arrangement made at the same time between plaintiff, defendant, and the mortgagor, the defendant assumed the mortgagor's debt to the plaintiff, who thereupon released the mortgagor from further liability; and evidence was introduced in support of that contention. It appeared, however, that, by the terms of the arrangement, the defendant was to apply the first five payments made by the purchaser upon the indebtedness to himself, after which the amounts paid were to be applied upon the plaintiff's claim. After making two payments, the purchaser surrendered the property to the defendant. *Held*, that the question whether the arrangement between the parties amounted to a novation was properly submitted to the jury.

Error to Gogebic; Haire, J. Submitted January 29, 1896. Decided February 26, 1896.

*Assumpsit* by Archibald Brown and Frederick Otto against Charles Neidhold and Edward Neidhold upon an indebtedness alleged to have been assumed by defendants. From a judgment for plaintiffs, defendants bring error. Affirmed.

*Charles E. Miller*, for appellants.

*S. S. Cooper*, for appellees.

[1] Rehearing denied March 24, 1896.

Long, C. J.   In the year 1893 one George Leanna was the owner of a livery outfit.   There was a mortgage upon it to the defendants for $950.   During that year one Thomas Desonia desired to purchase the livery stock from Leanna.   He and Leanna and the defendants finally arranged that Desonia might purchase from Leanna, but that Leanna should give a bill of sale of the property to the defendants, and that Desonia should pay the defendants for it in certain monthly payments; and, when he had paid the amount of Leanna's indebtedness to the defendants, he was then to have absolute title.   The bill of sale was made for the sum of $1,400.   The plaintiffs claim that, according to the plan first proposed, Desonia was to pay $200 in cash, with which Leanna was to pay his outside bills, and Desonia was to give the defendants a mortgage or bill of sale for $1,200 to secure their claims against Leanna; that it was then arranged that the bill of sale should be given by Leanna to the defendants, and payment should be made to them, and that they should deduct from the $1,400 their own bill of $950, and that, instead of paying the balance to Leanna, they (the defendants) should assume the payment of the bills which Leanna was owing at the time, including the bills of Joseph Vogtlin and John Wilson.   Before this suit was brought, Vogtlin and Wilson assigned their claims to the plaintiffs.   The amount due the plaintiffs from Leanna was $92.65; and due to Vogtlin, $42.20.   The matter of Wilson is unimportant, as the court below directed the jury that no verdict could be rendered on that in favor of the plaintiffs.   On the trial it was contended that the arrangements between the parties amounted to a novation.   The plaintiffs had judgment, and defendants bring error.

It is conceded by counsel in this court that the plaintiffs had a right to recover the $42.20 upon the claim assigned by Vogtlin, as there was a novation in reference to that; but defendants' contention is that the evi-

dence on the trial does not support the claim of plaintiffs that there was an arrangement which amounted to a novation in reference to their claim. It appears that the arrangement was between the plaintiffs and defendants and Leanna that Desonia should first pay and reduce the defendants' claim to $700, and that the payments thereafter made by Desonia should apply upon the plaintiffs' claim until that was paid. It was understood that, as Desonia was paying only $50 per month, it might take five months before anything would be paid upon the plaintiffs' claim; but Leanna testified that Edward Neidhold said they would take care of them (speaking of the claims of plaintiffs) and the Vogtlin claim; and plaintiff Otto testified: "Leanna asked me if I and him was square in that bill, and Mr. Neidhold accepted the bill and promised to pay it; and I understood it would release Mr. Leanna, and since that time I have not looked to Leanna for the bill. I have looked wholly to Neidhold Bros." Desonia paid something over $100 on defendants' claim, and then surrendered the whole property to them.

We think the court was right in submitting the question to the jury as to whether the arrangement between the parties amounted to a novation. While the defendants did not receive from Desonia the amount he was to pay in cash, yet they did receive all of the property to which all of the parties looked for the payment of their respective claims.

The judgment must be affirmed.

The other Justices concurred.